RECEIVED
JUN 2 2 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In re: Case No. A04-00523-DMD<br><br>EUGENE T. ETHERIDGE and<br>IRENE D. ETHERIDGE,<br><br>Debtors. | Chapter 7 |
| LARRY D. COMPTON, Chapter 7<br>Trustee for the Bankruptcy Estate of<br>Eugene T. and Irene D. Etheridge,<br><br>    Plaintiff and<br>    Counterclaim Defendant,<br><br>v.<br><br>JAMES M. CRAWFORD, aka Jim<br>Crawford, dba Century 21 Crawford<br>Property Management,<br><br>    Defendant and<br>    Counterclaimant. | Adversary No. A05-90020-DMD<br><br>Filed On 5/30/06 |

## *SUA SPONTE* MOTION TO WITHDRAW THE REFERENCE

**TO:** The United States District Court.

Introduction

    The bankruptcy court brings this motion, *sua sponte*, pursuant to 28 U.S.C. § 157(d) and Alaska LBRs 5011-1, 9015-2 and 9033-1 to withdraw the reference of this

19

adversary proceeding to the United States District Court for the District of Alaska. This is a non-core, related proceeding. The bankruptcy court is limited to hearing the matter and submitting proposed findings of fact and conclusions of law to the district court, in accordance with 28 U.S.C. § 157(c)(1).

Discussion

The debtors entered into a property management agreement with Jim Crawford regarding a four-plex they owned in Anchorage. Crawford collected the rents on the four-plex over a nine month period but failed to account for them to the debtors. The debtors filed a Chapter 7 petition on May 12, 2004. They listed a $15,000.00 receivable from Crawford in their bankruptcy schedules. Larry Compton, their Chapter 7 trustee, filed this action to collect the debt. Crawford filed an answer and counterclaim. He failed to answer the trustee's discovery requests or appear at trial, however.

> A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such a proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.[1]

Consistent with 28 U.S.C. § 157(c)(1), the bankruptcy court has prepared proposed findings and conclusions after trial of this matter. This proceeding should now be

---

[1] 28 U.S.C. § 157(c)(1).

2

withdrawn so that the district court may enter a final judgment as to the claim. It is respectfully requested that the reference be withdrawn for review of the bankruptcy court's findings and conclusions and entry of a final judgment by the United States District Court for the District of Alaska.

DATED: May 30, 2006.

BY THE COURT

/s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve:  E. Sleeper, Esq.
Pro Se Defendant
P. Gingras, Adv. Case Mgr. - served 5/30/06 – pg.

05/30/06

3