Jim Crawford 2739 C Street
2739 C Street,
Anchorage, Alaska 99503
Telephone 907-562-5592
Facsimile 907-562-5598
Pro Se

RECEIVED
JUN 2 2 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

FILED
JUN 0 2 2006
CLERK
U.S. BANKRUPTCY COURT
By _____
DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In re:<br><br>EUGENE T. ETHERIDGE and<br>IRENE D. ETHERIDGE<br><br>Debtors, | Case No. 04-00523-DMD<br>(Chapter 7) |
| LARRY D. COMPTON, Chapter 7 Trustee for<br>The bankruptcy Estate of Eugene T. and Irene D.<br>Etheridge<br><br>Plaintiff,<br><br>v.<br><br>JAMES M. CRAWFORD AKA JIM CRAWFORD<br>DBA CENTURY 21 CRAWFORD PROPERTY<br>MANAGEMENT,<br><br>Defendant. | Adv. No. 05-90020<br>Adversary No. ~~05-0020DMD~~ |

RESPONSE TO

~~SUPPLEMENTAL~~ REPORT AND RECOMMENDATION TO THE

UNITED STATES DISTRICT COURT

Trial on this matter was held on May 10, 2006 without notifying the Defendant. Plaintiff

has submitted a report and recommendation to the Court based on inaccurate and one-

1  SCANNED

21

sided information and requested a final order and judgment based upon the lack of appearance of the Defendant. The Defendant did answer the complaint and filed a counter claim. Defendant provided irrefutable documentation of the obligations of the Debtors that were fraudulently absent from the Debtor's bankruptcy filings. Defendant provided specific documentation of the property management account to Plaintiff's counsel. Defendant opposes the recommendation of Plaintiff to award judgment in favor of the plaintiff for an amount unproven at trial, at a trial held without the knowledge of the Defendant.

I.  <u>Alternate Proposed Findings of Facts</u>

1. Debtors Eugene T. and Irene D. Etheridge entered into a property management agreement with Crawford Real Estate Corporation dba Crawford Property Management in April of 2003. Debtors did not enter into a personal services contract with Jim Crawford or James M. Crawford.

2. Tim Barr, Property Manager for Crawford Real Estate Corporation managed their property, a four-plex and remitted the net rents to the Debtors after paying all expenses and the mortgage payments, as funds were available. Debtors also entered into a contract with Crawford Real Estate Corporation dba Century 21 Crawford Realty for the Exclusive Right to Sell the subject property. The property was sold under that contract and was ready to close. At the closing table at Alyeska Title, the Debtors transferred the property to an unrelated third party. The Exclusive Right to Sell agreement provided that should the property be sold for any reason or to any party, the commission was earned. The commission was

therefore earned and should have been listed as an obligation of the Debtors on their bankruptcy filing.

3. Crawford Real Estate Corporation's Tim Barr collected rents on the property from April through December of 2003 when the Debtor defaulted in its obligation under a Purchase and Sale Agreement and quit claimed the property to a former owner.

4. Crawford Real Estate Corporation remitted funds on the Debtors behalf periodically to creditors of the Debtors and to the mortgage company as documented by the spread sheet presented to the Plaintiff and acknowledged in the paragraph six in the Plaintiff's report.

5. Crawford failed to produce evidence in support of the counterclaim at trial since <u>the parties with knowledge of the trial date withheld that information so that Crawford would not appear.</u> This withholding or failing to provide notice of the trial date was either inadvertent error or intentionally done to attempt judgment by unscrupulous means. Defendant was easily available by phone or in person.

6. Even though the Debtor acknowledged the accounting for the property management as supplied by Defendant with a balance due of $8,893.86 strictly for the property management functions performed by Tim Barr, then Property Manger for Crawford Real Estate Corporation, Plaintiff is requesting judgment in the amount of $15,000 plus interest and attorney's fees. In the event, Plaintiff

were successful in bifurcating the claims as he attempts to do, the total amount for property management proceeds is in fact $8,893.86 which would be the maximum recoverable amount.

7. Debtor knew that the commission was due on the transfer of the property and with that knowledge fraudulently withheld that obligation from its filing. Plaintiff knew on first contact of the competing claims and the specifically allowed right of offset regarding those funds. Plaintiff with that knowledge should be denied judgment in any amount.

8. Plaintiff attained its current advantage as a result of trickery and secretive dealings. Had the Defendant had knowledge of the trial date, which he did not, he would most certainly have attended the trail and prosecuted his claims successfully.

II    Conclusions of Law

1. The trustee has alleged but not proven a claim for breech of contract.

2. The trustee has alleged but not proven that James M. Crawford or Jim Crawford is the proper Defendant. In fact, he is not.

3. A bankruptcy court may hear non-core, related proceedings and submit proposed findings of fact and conclusions of law to the district court for de

novo review. 28 U.S.C. 157 ©(1); Dunmore v. United States, 358 F.3rd 1107, 1114 (9th Cir.2004). This ability is preconditioned on the rationale that all parties are given full opportunity during the trial to attend and participate. That is not the facts evident in this case.

4. The Defendant did present the accounting records, the contracts and all pertinent information to the Plaintiff under the Discovery letter. Plaintiff has denied receiving and failed to acknowledge any of the information provided other than the accounting records. Defendant, at a properly scheduled trial, will prove his counter claims. The matter should be properly handled before the Bankruptcy Court.

5. Plaintiff has yet to address the inaccurate filing as a personal obligation of the Defendant rather than the demonstrated business of the corporation. These matters may and should be addressed by the Bankruptcy Court as related issues without need for bifurcation.

This Alternate report and Recommendation to the United States District Court is presented by Defendant and should be presented equally with that report prepared by Plaintiff's Counsel.

Dated this 1st day of June 2006.

By: _____
Jim Crawford aka James M. Crawford

5



Dated: June 1, 2006

BY THE COURT

/s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Affidavit of service:

I personally hand delivered a true and correct copy of the Answer to Plaintiff attorney Eugenia G. Sleeper, Esq., Jermain, Dunnagan & Owens P. C., 3000 A Street, Suite 300, Anchorage, Alaska 99503 on this 2nd day of June, 2006.

Meagan R. Crawford

P. Gingras, Adv. Case Mgr. Served 6/2/06