# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In re: Case No. A04-00523-DMD<br><br>EUGENE T. ETHERIDGE and<br>IRENE D. ETHERIDGE,<br><br>Debtors. | Chapter 7 |
| LARRY D. COMPTON, Chapter 7<br>Trustee for the Bankruptcy Estate of<br>Eugene T. and Irene D. Etheridge,<br><br>Plaintiff and<br>Counterclaim Defendant,<br><br>v.<br><br>JAMES M. CRAWFORD, aka Jim<br>Crawford, dba Century 21 Crawford<br>Property Management,<br><br>Defendant and<br>Counterclaimant. | Adversary No. A05-90020-DMD<br><br>Filed On<br>9/15/06 |

RECEIVED
OCT 1 2 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

## RENEWED *SUA SPONTE* MOTION TO
## WITHDRAW THE REFERENCE

**TO:** The United States District Court.

Introduction

The bankruptcy court brings this renewed *sua sponte* motion, pursuant to 28 U.S.C. § 157(d) and Alaska LBRs 5011-1, 9015-2 and 9033-1 to withdraw the reference of

this adversary proceeding to the United States District Court for the District of Alaska. This is a non-core, related proceeding. The bankruptcy court is limited to hearing the matter and submitting proposed findings of fact and conclusions of law to the district court, in accordance with 28 U.S.C. § 157(c)(1).

The District Court denied the bankruptcy court's initial motion to withdraw the reference because the defendant contended, in his opposition to that motion, that he didn't receive notice of the trial. The bankruptcy court has examined the record and conducted a hearing on this issue. It has found the defendant's claim to be without merit and has entered an order overruling the defendant's objection. Because the bankruptcy court cannot render the final judgment in this proceeding, it again brings a motion to withdraw the reference.

Discussion

The debtors entered into a property management agreement with Jim Crawford regarding a four-plex they owned in Anchorage. Crawford collected the rents on the four-plex over a nine month period but failed to account for them to the debtors. The debtors filed a chapter 7 petition on May 12, 2004. They listed a $15,000.00 receivable from Crawford in their bankruptcy schedules. Larry Compton, their chapter 7 trustee, filed this action to collect the debt. Crawford filed an answer and counterclaim. He failed to answer the trustee's discovery requests or appear at trial, however.

> A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such a proceeding, the bankruptcy judge shall submit

2

proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.[1]

Consistent with 28 U.S.C. § 157(c)(1), the bankruptcy court prepared proposed findings and conclusions after trial of this matter. It also filed a *sua sponte* motion to withdraw the reference. The defendant filed two documents in response: an opposition to the *sua sponte* motion and a response to the report and recommendation. In both of these documents, the defendant contended that he hadn't received notice of the trial date and requested a new trial. The defendant also filed an untimely third party crossclaim. The bankruptcy court transmitted the record to the District Court before addressing the defendant's objections pertaining to lack of notice.

The bankruptcy court's initial motion to withdraw the reference was denied, without prejudice, and remanded for resolution of the defendant's objections and, if appropriate, for a new trial. The bankruptcy court has held a hearing on the defendant's objections on August 17, 2006. The defendant attended the hearing. The bankruptcy court found the defendant's contentions regarding lack of notice to be without merit. An order overruling the defendant's objection has been entered. An order striking the defendant's untimely third party crossclaim has been entered as well. Any other issues raised in the defendant's objection to the bankruptcy court's report and recommendation address the

---

[1] 28 U.S.C. § 157(c)(1).

3

merits of the bankruptcy court's findings and conclusions and cannot be determined by the bankruptcy court.

The bankruptcy court therefore brings its renewed motion and respectfully requests that the reference be withdrawn for review of the findings and conclusions contained in its Report and Recommendation and entry of a final judgment.

DATED: September 15, 2006.

BY THE COURT

/s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve:   E. Sleeper, Esq.
J. Crawford, Pro Se Defendant, at 2739 C Street, Anchorage, AK 99503
T. Van Flein, Esq.
U. S. Trustee
P. Gingras, Adv. Case Mgr. - served 9/15/06 – am.

9/15/06