# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In re: Case No. A04-00523-DMD<br><br>EUGENE T. ETHERIDGE and<br>IRENE D. ETHERIDGE,<br><br>Debtors. | Chapter 7 |
| LARRY D. COMPTON, Chapter 7<br>Trustee for the Bankruptcy Estate of<br>Eugene T. and Irene D. Etheridge,<br><br>Plaintiff and<br>Counterclaim Defendant,<br><br>v.<br><br>JAMES M. CRAWFORD, aka Jim<br>Crawford, dba Century 21 Crawford<br>Property Management,<br><br>Defendant and<br>Counterclaimant. | Adversary No. A05-90020-DMD<br><br>Filed On<br>5/30/06 |

## REPORT AND RECOMMENDATION TO THE
## UNITED STATES DISTRICT COURT

After trial of this matter on May 10, 2006, the bankruptcy court, in accordance with 28 U.S.C. § 157(c)(1), hereby submits proposed findings of fact and conclusions of law to the United States District Court for entry of a final order and judgment. The bankruptcy court recommends entry of an order and judgment in favor of the plaintiff for the sum of $15,000.00 together with interest, costs and attorney's fees.

I.  Proposed Findings of Fact

1. Debtors Eugene T. and Irene D. Etheridge entered into a property management agreement with Jim Crawford, d/b/a Century 21, in April of 2003.

2. Crawford was to manage their property, a four-plex, and remit the net rents to the debtors after paying all expenses and the underlying mortgage payment.

3. Crawford collected rents on the property from April through December of 2003.

4. No funds were remitted to the debtors. Mrs. Etheridge stated that the units were rented for $1,000.00 per unit for a total of $4,000.00 per month at the time Crawford assumed his duties under the management agreement.

5. Crawford has produced two spreadsheets detailing income and expenses from the four-plex. The first spreadsheet, plaintiff's Exhibit 3, was attached to his counterclaim. It indicated receipt of gross rents of $13,888.71 with expenses of $4,945.62 and net income of $8,943.07.

6. A second spreadsheet, plaintiff's Exhibit 4, was produced for chapter 7 trustee Larry Compton by Mr. Crawford. It indicates gross rents of $15,770.32, expenses of $4,758.70 and net income of $8,893.86.

7. Crawford filed a counterclaim against the trustee for commissions due on a sale of the four-plex that failed to close. According to Crawford, he is owed a commission of $20,430.00.

8. Crawford failed to produce any evidence in support of his counterclaim at trial.

2

9. Crawford also failed to answer the plaintiff's requests for admissions and interrogatories. He also failed to appear at a deposition and at trial.

10. The debtors filed for chapter 7 relief on May 12, 2004. In their schedules, they listed an account receivable from Jim Crawford for $15,000.00. They listed $4,136.00 of this claim against Crawford as exempt property in Schedule C.

11. Larry D. Compton is the duly appointed chapter 7 bankruptcy trustee for the debtors.

II. Conclusions of Law

1. The trustee asserts a claim for breach of a management contract and for turnover of property.

2. These claims are property of the estate pursuant to 11 U.S.C. § 541(a)(1).

3. The trustee's pre-petition claim for breach of contract does not depend on the Bankruptcy Code for its existence. It is a state law claim that can be heard in state court. As such, it is not a core proceeding. *Sec. Farms Int'l v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1008 (9th Cir. 1997), citing *In re Castlerock Properties*, 781 F.2d 159, 162 (9th Cir. 1986).

4. Alleging a claim for turnover does not make a breach of contract claim a core proceeding.

> It should be clear that actions to collect prepetition accounts receivable are straightforward *Marathon*-type contract actions and are, thus, not core proceedings. However, courts have used sections 157(b)(2)(A) (matters of administration), 157(b)(2)(E) (turnover), and 157(b)(2)(O) ("other proceedings")

3

> to obliterate *Marathon*. These cases have been dealt with above, and should not be followed.

1 Collier on Bankruptcy ¶ 3.02[4] (15th ed. revised 2006) (footnotes omitted.)

5. A bankruptcy court may hear non-core, related proceedings and submit proposed findings of fact and conclusions of law to the district court for de novo review. 28 U.S.C. § 157(c)(1); *Dunmore v. United States*, 358 F.3d 1107, 1114 (9th Cir. 2004).

6. Defendant Crawford has filed a counterclaim against the trustee for breach of a listing agreement. This claim is also a non-core, related proceeding, for which the bankruptcy court can submit proposed findings of fact and conclusions of law to the district court for de novo review. 28 U.S.C. § 157(c)(1); *Marshall v. Michigan Dept. of Agriculture (In re Marshall)*, 118 B.R. 954, 960 (W.D. Mich. 1990) (a compulsory counterclaim against the bankruptcy estate does not transform a non-core proceeding into a core proceeding); *Century Brass Products, Inc. v. Millard Metals Serv. Center, Inc. (In re Century Brass Products)*, 58 B.R. 838, 845-46 (Bankr. D. Conn. 1986) (same).

7. The defendant breached his property management agreement with the debtors by failing to remit rents, pay underlying encumbrances and account for managerial expenditures.

8. The trustee claims damages of $36,000.00 based on rent of $4,000.00 per month for nine months. The debtors listed a receivable of just $15,000.00 in their schedules, however. The defendant's summaries listed gross income of $13,888.71 to $15,770.32. I conclude that the plaintiff is entitled to reasonable damages in the sum of $15,000.00.

9. The defendant failed to introduce any evidence in support of his counterclaim; his counterclaim should be dismissed with prejudice.

10. The plaintiff is entitled to pre-judgment interest from the date of service of process upon the defendant, June 29, 2005, to entry of judgment at the rate of 8.25% per annum. A.S.09.30.070(h).

11. The dispositive issues in this case turned on an interpretation of state law rather than federal bankruptcy law. Attorney's fees under AK. R. Civ. P. 82(a) are warranted. *Ford v. Baroff (In re Baroff)*, 105 F.3d 439, 441-442 (9th Cir. 1997).

12. In accordance with Rule 82(a), the plaintiff is entitled to 20% of the judgment entered herein, including pre-judgment interest, as attorney's fees.

DATED: May 30, 2006.

BY THE COURT

/s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve:   E. Sleeper, Esq.
         Pro Se Defendant
         P. Gingras, Adv. Case Mgr. - served 5/30/06 – pg.

05/30/06